# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| SHARON LEONARD, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No.: 1:11-CV-118 (WLS) |
| : | |
| CAROLYN W. COLVIN, : | |
| Acting Commissioner of Social Security, : | |
| : | |
| Defendant. : | |
| : | |

## ORDER

Presently pending before the Court is Plaintiff's Amended, Unopposed Petition for Authorization of an Attorney Fee Pursuant to the Social Security Act. (Doc. 30.) For the following reasons, Plaintiff's Amended, Unopposed Petition for Authorization of an Attorney Fee Pursuant to the Social Security Act (Doc. 30) is **GRANTED**.

## PROCEDURAL BACKGROUND

Plaintiff filed the instant Social Security appeal on August 29, 2011. (Doc. 1.) On January 31, 2012, following the Social Security Administration Commissioner's (the "Commissioner's") request that the matter be voluntarily remanded for further administrative proceedings, the Court remanded the decision to the Commissioner pursuant to Sentence Six of § 205(g) of the Social Security Act ("SSA"), 42 U.S.C. § 405(g). (Doc. 13.) On remand, a fully favorable decision was issued by the Administrative Law Judge. (Doc. 17 at 2 ¶ 1.) On November 15, 2013, Plaintiff moved for attorney's fees under both the EAJA and the SSA in connection with her social

1

security appeal and remand. (Docs. 17, 18.) Citing some potentially reconcilable differences between Plaintiff's and the Commissioner's respective positions, by Order dated March 14, 2014, the Court directed the parties to confer regarding the fee amount and the amount of past-due benefits, or at the very least, reduce the issues remaining before the Court.

On March 19, 2014, the Parties filed a Joint Stipulation to dismiss Plaintiff's petition for attorney's fees under the EAJA. (Doc. 29.) As part of the Stipulation, Defendant agreed to pay $8,700.00 in attorney fees under the EAJA. (*Id.* ¶ 1.) Plaintiff agreed to accept this amount in full payment of her EAJA petition request. (*Id.* ¶ 2.) By separate order, the Court approved the Joint Stipulation, thereby dismissing Plaintiff's EAJA petition. (Doc. 31.)

The instant order concerns Plaintiff's Amended, Unopposed Petition for Authorization of an Attorney Fee Pursuant to the Social Security Act. (Doc. 30.) Therein, Petitioner Heather Freeman, Plaintiff's attorney, moves the Court, pursuant to Section 406(b)(1), for authorization of a gross attorney fee of $14,800.00.[1] (*Id.* at 1.) The Commission does not oppose this motion. (*Id.* ¶ 5.) According to the Notice of Award, Plaintiff's past-due benefits amount to $31,343.90. (Doc. 30-1 at 1.) If the Court authorizes $14,800.00 under Section 406(b), after Plaintiff receives credit for the $8,700.00 EAJA fee, Petitioner will receive an actual or net attorney fee of $6,100.00 for federal court work spent helping Plaintiff to obtain past-due benefits.

---

[1] The lesser of the two fees between the EAJA and what the Court awards under § 406(b) will be refunded to the Plaintiff. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (noting that fee awards may be made under both the EAJA and § 406(b), "but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee").

2

## **DISCUSSION**

Under Section 406(b), when a Court renders a judgment favorable to a claimant, the Court may award a reasonable fee, not to exceed 25% of the total past-due benefits, to an attorney who represented the claimant. 42 U.S.C. § 406(b)(1)(A). In capping the fee at 25%, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 806 (2002). Even if the fee requested is pursuant to a contingent-fee agreement, the Court may still authorize it under § 406(b) as long as the fee stipulated to in the agreement is reasonable. *Id.* at 807 ("[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, Section 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.")

Here, Petitioner states that the fee authorization requested is reasonable. (Doc. 30 ¶ 7.) Per Petitioner, over sixty hours, to date, were spent in the representation of Plaintiff. (*Id.*) Petitioner states that the fee requested is not "inordinately large" in light of the past due benefits received by Plaintiff, Plaintiff's prospective monthly benefits, and past due and future Medicare benefits. (*Id.* ¶ 7 at 3-4.)

After reviewing the record, the Court agrees with Petitioner, and finds that a fee of $14,800.00 "is reasonable for the services rendered" in Plaintiff's behalf. *Gisbrecht*, 535 U.S. at 806. Because of Petitioner's efforts, Plaintiff received a remand resulting in a

3

favorable result and a sizable award. The Commissioner has not objected to this award, and the Court fails to see any reason why an award of the amount requested would be unjust in this case. *See id.* at 808 (noting that a Court may reduce an award if the attorney is responsible for delay or if the benefits are large in comparison to the amount of time counsel spent on the case). Accordingly, Plaintiff's Amended, Unopposed Petition for Authorization of an Attorney Fee Pursuant to the Social Security Act (Doc. 30) is **GRANTED** in the amount of $14,800.000.

  **SO ORDERED**, this  3rd  day of April 2014.

            */s/* W. Louis Sands
            **W. LOUIS SANDS, JUDGE**
            **UNITED STATES DISTRICT COURT**